Electronically Filed
3/7/2017 9:41:39 AM
Hidalgo County District Clerks
Reviewed By: Noel Cruz

C-0711-17-J
## 430TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Starstone National Insurance Company**
**Registered Agent: C T CORPORATION**
**1999 BRYAN ST SUITE 900**
**DALLAS TX  75201-3140**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Israel Ramon, Jr., 430th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 15th day of February, 2017 and a copy of same accompanies this citation. The file number and style of said suit being C-0711-17-J, **ROBERTO LUNA VS. STARSTONE NATIONAL INSURANCE COMPANY**

Said Petition was filed in said court by JOHN A. MILLIN, IV, 4107 N 22ND ST MCALLEN TX  78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 21st day of February, 2017.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**TIMOTHY RAMIREZ, DEPUTY CLERK**



EXHIBIT B

Electronically Filed
3/7/2017 9:41:39 AM
Hidalgo County District Clerks
Reviewed By: Noel Cruz

C-0711-17-J
## OFFICER'S RETURN

Came to hand on _21st_ of _February_, 201_7_ at _8:40_ o'clock _p_.m. and executed in _Dallas_ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _Plaintiff's Original Petition_ (petition) at the following times and places, to-wit: _By Certified Mail, Return Receipt # 7014 3490 0000 1693 2731_

| NAME | DATE | TIME | PLACE |
|---|---|---|---|
| Stonestone National Insurance Company through Corp. | 2/24/17 | 8:36 am | 1999 Bryan St., Suite 900 Dallas, Texas 75201 |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees: serving ... copy(s) $_____
miles ..................$_____

_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Luis A. Saenz_, my date of birth is _05/19/1957_ and the address is _5820 N. 29th Lane, McAllen, TX_, and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _Hidalgo_ County, State of Texas, on the _28th_ day of _February_, 201_7_.

_____
Declarant
Luis A. Saenz
Certified Process Server
SCH: 1083 Exp: 08/31/17

_____
If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number

Electronically Filed
2/15/2017 3:29:37 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-0711-17-J

| | | |
|---|---|---|
| ROBERTO LUNA<br>Plaintiff | § § § | IN THE DISTRICT COURT |
| VS. | § § | |
| STARSTONE NATIONAL<br>INSURANCE COMPANY<br>Defendant | § § § § | HIDALGO COUNTY, TEXAS<br><br>____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, **Roberto Luna** (herein "Plaintiff"), and files this Original Petition complaining of Defendant, **Starstone National Insurance Company** "Insurer," and for cause of action shows the Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct Level 3 discovery under Texas Rules of Civil Procedure 190.4.

### II. PARTIES

2. **Plaintiff, Roberto Luna**, is an individual residing in the State of Texas at 905 W. Falcon Ave., Pharr, Hidalgo County, Texas.

3. Defendant **Starstone National Insurance Company** is an insurance company registered to do business in the state of Texas and can be served with process by certified mail return receipt requested through its Registered Agent C T Corporation at 1999 Bryan Street Suite 900, Dallas Texas 75201-3140.

Electronically Filed
2/15/2017 3:29:37 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0711-17-J

### III. VENUE AND JURISDICTION

4. Suit is proper in Hidalgo County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the real property at issue is located in Hidalgo County, Texas. TEX.CIV.P.REM. CODE §15.002 (a)(1). Further, the contract upon which this suit is based was executed in Hidalgo County, Texas. TEX.CIV.P.REM. CODE §15.035(b).

### IV. FACTUAL BACKGROUND

5. Insurer issued an insurance policy naming Plaintiff as the insured and providing coverage for direct physical loss caused by windstorm or hail to their property located at 905 W. Falcon Ave., Pharr, Hidalgo County, Texas. Pursuant to the terms of the policy, numbered TN1000001706, Plaintiff had insurance protection on the dwelling and personal property for any and each such loss resulting from windstorm and hail damage. The building and contents insured pursuant to the insurance contract sustained damage as the result of a hail and wind storm, which struck June 1, 2016, during the policy period. The hail and wind storm created openings in the building through which rain and hail entered and caused extensive damage. Shortly after the storm, Plaintiff submitted a claim to the insurer for wind, hail and water damage to the insured premises as a result of the storm. Thereafter, the insurer conducted a pretextual and faulty investigation. Starstone National Insurance Company underpaid Plaintiff's property damage claim even though liability for such damages was reasonably clear.

6. Starstone National Insurance Company wrongfully denied and/or underpaid Plaintiff's claim under the policy. Plaintiff seeks a declaration that his claim losses are covered occurrences under the Policy and seeks damages for his insurer's wrongful denial.

7. Plaintiff hired the undersigned attorneys to pursue the matter following his

Electronically Filed
2/15/2017 3:29:37 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0711-17-J

insurer's mishandling of the claim. After an investigation was completed on behalf of Plaintiff, a written demand for payment was made on October 28, 2016. To date, Starstone National Insurance Company has failed and refused to pay Plaintiff for his attorneys' fees, expenses and mental anguish in having to pursue that which they are entitled under their policy of insurance.

## V. CAUSES OF ACTION

### A. BREACH OF CONTRACT

8. Plaintiff incorporates each of the previous allegations set forth herein.

9. Plaintiff paid the premiums under the Policy and met the conditions precedent to the insurer's obligation to pay the Plaintiff's losses under the Policy.

10. Starstone National Insurance Company failed and refused to pay the value of the Plaintiff's claims, thereby materially breaching the Policy and causing Plaintiff to suffer those losses together with other harm as described further in this petition.

### B. TEXAS INSURANCE CODE VIOLATIONS

11. Plaintiff incorporates each of the previous allegations set forth herein.

12. More than thirty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Section 541 and 542, et seq. was sent to Defendant insurer. All notices and proofs of loss were timely given in such manner as to fully comply with the terms and conditions of the Policy and applicable law. In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, their insurer has waived them, and is estopped from asserting them, and/or Plaintiff substantially complied with them. Plaintiff make the same allegations of waiver or estoppel as to every defense or exclusion pleaded by their insurer in this action, and as to each claim for breach of contract or statutory violation as to Defendant.

Electronically Filed
2/15/2017 3:29:37 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0711-17-J

13. In mishandling these claims and failing to provide significant evidence to support their position, Starstone National Insurance Company has violated the following sections of the Texas Insurance Code:

> 541.060(a)(2)(A), by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which this insurer's liability has become reasonably clear;
>
> 541.060(a)(4)(A), by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;
>
> 541.060(a)(7), by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.
>
> 542.003(a), by engaging in unfair claims settlement practices, as described in 542.003(b), to wit:
>
>> (1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;
>>
>> (2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;
>>
>> (3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;
>>
>> (4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and
>>
>> (5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.
>
> 542.057(a), by failing to pay the full amount of the insured's claim no later than the fifth business day after the insurer gave notice it would pay the claim.
>
> 542.058(a), by delaying payment of the claim for more than 60 days after receiving all items, statements, and forms reasonably requested and required under Section 542.055

Defendant's violations of the Texas Insurance Code have proximately caused Plaintiff's

4

Electronically Filed
2/15/2017 3:29:37 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0711-17-J

damages. Plaintiff further seeks interest and attorney's fees under the Texas Insurance Code for Defendant insurer's violations. TEX. INS. CODE §§ 541.152, 542.060.

### VI. ACTUAL DAMAGES AND TREBLING OF DAMAGES

14. Plaintiff incorporates each of the previous allegations set forth herein.

15. Starstone National Insurance Company's conduct as described above was a producing cause of Plaintiff's economic damages. As a result, Plaintiff sustained damages in an amount within the jurisdictional limits of this court.

16. These acts and omissions on Defendant insurer's part were done knowingly, that is, with an actual awareness of the falsity, unfairness, or deception of the conduct described.

17. Consequently, Plaintiff requests that the trier of fact award to it additional damages of up to three (3) times the sum of actual damages suffered. TEX. INS. CODE § 541.152(b).

### VII. RULE 47(c) STATEMENT

18. In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff pleads that the relief he seeks is monetary in nature and is over $100,000 but not more than $200,000.

### VIII. ATTORNEY'S FEES

19. Plaintiff incorporates each of the previous allegations set forth herein.

20. Starstone National Insurance Company's conduct as described in this petition and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retention of the attorneys whose names are subscribed to this petition. Plaintiff is, therefore, entitled to recover from Defendant an additional sum to compensate Plaintiff for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts. Plaintiff has presented his claim for attorney's

Electronically Filed
2/15/2017 3:29:37 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0711-17-J

fees, but the insurer chose to ignore it. Thus, Plaintiff request attorney's fees under Texas Civil Practice and Remedies Code §38.001, et seq., the Texas Insurance Code, and the Texas Deceptive Trade Practices Act.

## IX. CONDITIONS PRECEDENT

21. All of the conditions precedent to bringing this suit and to Starstone National Insurance Company's liability under the Policy for the claims alleged have been performed or have occurred.

## X. JURY DEMAND

22. Plaintiff respectfully request trial of this cause before a Hidalgo County jury.

## XI. PRAYER

**WHEREFORE**, Plaintiff requests that Starstone National Insurance Company be cited to appear and answer, and that on final trial, Plaintiff have the following:

a. Judgment against the insurer for actual damages and exemplary damages in excess of the minimum jurisdictional limits of this Court;

b. By reason of insurer's knowing and intentional conduct, treble damages as allowed by Section 541.152(b) of the Texas Insurance Code;

c. Prejudgment interest as provided by law;

d. Postjudgment interest as provided by law;

e. Attorney's fees;

f. Costs of suit; and

g. All other relief to which Plaintiff may show himself entitled, either at law or in equity, either general or special, under the facts set forth in its claims.

Electronically Filed
2/15/2017 3:29:37 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0711-17-J

Respectfully submitted,

**MILLIN & MILLIN, PLLC**
4107 North 22nd Street
McAllen, Texas 78504
Tel: (956) 631-5600
Fax: (956) 631-5605

_____
JOHN A. MILLIN IV
State Bar No. 24005166

7